UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM, **Plaintiff,** <br><br> v. <br><br> Ameri Help, LLC, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines, and John/Jane Does 1-4 <br><br> **Defendant** | § § § § § § § § § § <br><br> 4:18cv878 |

**Plaintiff's Original Complaint**

FILED
DEC 1 8 2018
Clerk, U.S. District Court
Texas Eastern

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. Ameri Help, LLC is a LLC that can be served via registered agent Law Offices of David H. Trevett, PLC, 5850 T. G. Lee Blvd, ste 435, Orlando, FL 32822 or R&A Investments Corp., 7512 Dr., Phillips BLVD, Orlando, FL 32819.

3. East Coast Center, LLC is a managing entity for Ameri Help, LLC and can be served via registered agent David Trevett 5850 T. G. Blvd., ste 435 Orlando, FL 32822 or manager G. Kenwood Gaines, 8986 Crichton Wood Dr., Orlando, FL 32819.

4. R & A Investment Corp is a Florida corporation and co- managing entity for Ameri Help, LLC and that can be served at 7512 DR. PHILLIPS DRIVE ORLANDO, FL 32819.

5. G. Kenwood Gaines is a natural person and manager of East Coast Center, LLC and can be served at 8986 Crichton Wood Dr., Orlando FL 32819

6. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

7. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

8. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls or text messages Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

9. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of Entertech, Inc at the direction of Igor Reiant through an agreement with Made Simple Ventures, LLC.

10. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  residing in the Eastern

District of Texas when he recieved a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

11. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

16. Separately, the TCPA bans making telemarketing calls without a do-not-call policy

available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

18. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

19. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

21. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of*

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

*1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

22. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

23. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**The Texas Business and Commerce Code 305.053**

25. The Texas Business and Commerce code has an analogus portion that is related to the

TCPA and was violated in this case.

26. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

27. Amerihelp or agents calling on behalf of Amerihelp called the Plaintiff's cell phone using an automated telephone dialing system on no less than 12 different occasions to 615-212-9191 and claimed to be with the *"Federal Student Forgiveness Center"* and claimed that they prequalified people to be forgiven up to 90% on their student loans. The calls were part of a student loan scam and were designed to be misleading to an average consumer that they were actually on behalf of the Federal Government. The calls were not with the Plaintiff's consent or related to any emergency purpose.

28. Mr. Cunningham received multiple calls from a spoofed caller ID of 615-307-8276 to 615-212-9191 and were initiated using an automated telephone dialing system. The Plaintiff noticed a patented Vici Dial tone upon each and every call connecting indicating the calls were initiated using an automated telephone dialing system. The calls were actually on behalf of Ameri Help, LLC, at the direction of R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines as the Plaintiff later found out when he was emailed from Arthur Julian on October 8, 2018, (see Ex A)

29. The calls in October 2018 are alleged to have occured as follows:

| Date/Time | Type | Number | Duration | Direction | Network |
|---|---|---|---|---|---|
| 23/10/2018 5:31 PM | call | (615) 307-8726 | 48s | inbound | cell |
| 23/10/2018 2:31 PM | call | (615) 307-8726 | 36s | inbound | cell |
| 22/10/2018 4:23 PM | call | (615) 307-8726 | 9m 11s | inbound | cell |

| 17/10/2018 6:54 PM | call | (615) 307-8726 | 1s | outbound | cell |
| 17/10/2018 6:53 PM | call | (615) 307-8726 | 36s | inbound | cell |
| 11/10/2018 10:39 PM | call | (615) 307-8726 | 1s | outbound | cell |
| 11/10/2018 8:52 PM | call | (615) 307-8726 | 29s | inbound | cell |
| 11/10/2018 8:49 PM | call | (615) 307-8726 | 2m 7s | outbound | cell |
| 11/10/2018 8:47 PM | call | (615) 307-8726 | 36s | inbound | cell |
| 08/10/2018 3:28 PM | call | (615) 307-8726 | 22m 28s | inbound | cell |

30. The Plaintiff also recieved a call on 10/15/2018, 10/8/2018 from 800-341-8752 and 3/2/2018 from 615-307-8726 for a total of 13 calls that are known currently to the Plaintiff.

**Entertech, Inc at the direction of Igor Reiant's sent text messages to the Plaintiff according to a contract for texting services with Made Simple Ventures, LLC**

31. Ameri Help, LLC, knew full well that calls were being blaced calls on their behalf to consumers across the country pitching talent agency services by or on behalf of Amerihelp, LLC at the direction of R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines. Ameri Help, LLC entered into a contract for telemarketing at the direction of R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines and has a pattern and practice of spamming consumers across the country and sending messages to consumers who never signed up and have no interest in receiving calls regarding their services.

32. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

33. Mr. Cunningham has limited data storage capacity on his cellular telephone.

Incoming calls from Igor Reinat and his related entities consumed part of this capacity.

34. No emergency necessitated the calls

35. Each call was sent by an ATDS.

### Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' Knowing and Willful Violations of Telemarketing Regulations

36. Mr. Cunningham asked for an internal do-not-call policy, but none was provided

37. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines knowingly violated the TCPA by initiating automated calls with pre-recorded messages to the Plaintiff.

38. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines never sent Mr. Cunningham any do-not-call policy.

39. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines and did not have a written do-not-call policy while it was sending Mr. Cunningham text messages.

40. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

41. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines calls did not provide Mr. Cunningham with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

### R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' control over AMERI Help, LLC Including its Illegal Robotexting and Telemarketing

42. At all times relevant to the claims alleged herein, Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' were the sole corporate officers and executive in charge of Ameri Help, LLC. Each and every call was placed on behalf of the corporate entites owned by R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines. Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' co-mingles funds and uses these entities as alter egos of each other.

43. R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' are the incorporator and corporate officer.

44. R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' was aware that Ameri Help, LLC., was sending automated, telemarketing calls en masse to people, including Plaintiff, and had recieved previous complaints about these types of calls, according to the BBB profile for the company

45. As Ameri Help, LLC senior-most executive, R & A Investment Corp, East Coast Center, LLC, and G. Kenwood Gaines' had the power to stop these spam campaigns.

46. As Amer Help's senior-most executive, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' had the power to fire the managers and employees taking part of the day-to-day operations of these illegal robocalling operations.

47. Instead, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of frequent do-not-call complaints from recipients of these messages, including the Plaintiff.

**The Plaintiff's cell phone is a residential number**

48. The text messages were to the Plaintiff's cellular phone 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not had a landline so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

**Violations of the Texas Business and Commerce Code 305.053**

49. The actions of Igor Reiant and her corporation violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls by Igor Reiant and his corporation violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

50. The calls by Igor Reiant violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

### I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF
### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))
### (Against All Defendants)

6. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

      a.    a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

      b.    training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

      c.    in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8.    Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9.    Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10.    Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.    Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

14. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants Ameri Help, LLC's, R & A Investment Corp, East Coast Center, LLC, G. Kenwood Gaines' jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 30 calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

G. An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

*Craig Cunningham*
Plaintiff,    12/18/2018

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075